

1(212) 318-6049
matthewprevin@paulhastings.com

September 17, 2025

<u>VIA ECF</u>

Hon. J. Margaret M. Garnett
United State District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

RE: *People of the State of New York, by Letitia James, Attorney General of the State of New York v. Early Warning Services, LLC*, Case No.1:25-cv-07601-MMG (S.D.N.Y.) **Letter-Motion to Seal**

Dear Judge Garnett:

Pursuant to Rule I.D of the Court's Individual Practices, Standing Order 19-MC-583, and Section 6 of the Southern District of New York Electronic Case Filing Rules & Instructions, we write on behalf of Defendant Early Warning Services, LLC to request that this Court maintain the temporary sealing of the unredacted Complaint pursuant to 28 U.S.C. § 1450, consistent with the order entered by the New York State Supreme Court temporarily sealing the Complaint in the state court.

On August 12, 2025, Plaintiff People of the State of New York, by their attorney, Letitia James, Attorney General of the State of New York ("OAG") filed a Complaint in New York State Supreme Court, Case no. 654753/2025, alleging that Defendant failed to safeguard the Zelle peer-to-peer payment network from fraud. The publicly available version of the Complaint contained redacted text. The OAG also filed an unredacted version of the Complaint and an accompanying Motion by Order to Show Cause to File the Complaint Under Seal, asserting that the Complaint contained confidential and privileged information that should initially remain under seal. On August 15, 2025, the court entered the Order to Show Cause temporarily sealing the unredacted version of the Complaint under Section 216.1 of the Uniform Rules for New York State Trial Courts and setting a schedule to allow the Defendant and the OAG to file briefs regarding what portions of the Complaint should remain under seal. NYSCEF No. 9. On August 19, 2025, the court entered a Stipulation and Order extending the return date for Plaintiff's Order to Show Cause to October 14, 2025, directing Defendant to file answering papers regarding sealing the Complaint on or before September 29, 2025, and directing the OAG to file reply papers on or before October 13, 2025. NYSCEF No. 13.



September 17, 2025
Page 2

On September 12, 2025, Defendant removed the action to this Court. ECF No. 1. The order entered by the New York State Supreme Court temporarily sealing the Complaint is binding following removal. Pursuant to 28 U.S.C. § 1450, all orders entered in the state court prior to removal "shall remain in full force and effect until dissolved or modified by the district court," including protective and sealing orders. *See, e.g., Gardner-Alfred v. Federal Reserve Bank of New York*, 2022 WL 748249, at *1 (S.D.N.Y. Mar. 11, 2022) ("Whenever any action is removed from a State court to a district court of the United States . . . (a)ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."); *Snyder Corp. v. Fitness Ridge Worldwide, LLC*, 2018 WL 1428254, at *1 (W.D.N.Y. Mar. 22, 2018) (concluding that pre-removal state court orders, "including the order to seal the docket, were 'transformed' into orders of this Court").

In the Notice of Removal, ECF. No. 1, we noted in a footnote that we would file a separate letter with this Court requesting leave to file the full, unredacted complaint under seal. In order to conform this letter-motion to the appropriate individual rules and procedures of the assigned judge and direct the letter to the appropriate judge, we are filing this letter after the Southern District of New York made the judicial assignment on September 15, 2025. In addition, pursuant to Rule I.D of the Court's Individual Practices and in order to seek agreement with the OAG on a briefing schedule regarding the sealing of the complaint to propose to the Court in this letter-motion, we are filing this letter-motion and the unredacted complaint after conferring with the OAG on September 16, 2025.[1]

Accordingly, Defendant respectfully requests that the unredacted version of the Complaint be filed under seal pending a decision from the Court on the Defendant's forthcoming motion to seal.

Additionally, the parties stipulated to, and the New York State Supreme Court ordered, a briefing schedule regarding the sealing of the unredacted version of the Complaint. The schedule required Defendant to file answering papers on or before September 29, 2025, and the OAG to file reply papers on or before October 13, 2025. Defendant conferred telephonically with the OAG staff on September 16, 2025, regarding this request to seal and a briefing schedule. We proposed to the OAG that the briefing schedule for the sealing of the complaint occur after the Court's decision on a motion to remand, which the OAG indicated that they intend to file. Scheduling the sealing briefs after a decision on a motion to remand would avoid expenditure of resources by both the parties and the Court until or if it became necessary to brief the sealing

---

[1] We provided the OAG advance notice via email of the removal the morning of September 12, 2025, and requested to meet early the following week to discuss briefing schedules given the removal. The OAG staff indicated that they were traveling on September 15, 2025, and offered September 16 or 17, 2025. We conferred with the OAG on September 16, 2025.



September 17, 2025
Page 3

issue. The OAG staff, however, indicated that they preferred to keep the same briefing schedule for the sealing of the complaint as set by the New York State Supreme Court. In an effort to compromise, Defendant is prepared to follow the briefing schedule for sealing as set by the New York State Supreme Court, consistent with the position of the OAG. The Court may, however, wish to set deadlines for briefing the sealing issue to occur after a decision on any motion to remand so that the parties and the Court are not expending resources briefing and deciding sealing issues until or if it becomes necessary to do so.

Defendant also requests leave to file a letter-motion not to exceed five pages in length (single-spaced, with standard font and margins) to allow Defendant to brief fully the issues regarding sealing of those portions of the complaint that Defendant will propose remain under seal. We note that the OAG made redactions to approximately 100 paragraphs of the complaint when filing it in the New York Supreme Court, a subset of which we will request remain under seal.

Accordingly, we respectfully request that the Court order that (i) Defendant shall file its letter-motion to seal the complaint on or before September 29, 2025; (ii) Defendant's letter-motion may not exceed five pages in length (single-spaced, with standard font and margins); and (iii) the OAG shall file its response to the letter-motion to seal the complaint, if any, on or before October 13, 2025. As discussed, however, the Court may wish to set a briefing schedule for sealing after a decision on any motion to remand rather than the schedule proposed above.

Respectfully submitted,

/s/ Matthew P. Previn

Matthew P. Previn
of PAUL HASTINGS LLP

> GRANTED.  Consistent with the State court's order, *see* 28 U.S.C. § 1450, the Court hereby ORDERS that the unredacted Complaint in this action be filed under seal.  The Court also adopts the following briefing schedule:  (i) Defendant shall file a letter motion not to exceed five (5) pages explaining why the unredacted complaint should remain sealed on or before **September 29, 2025**; and (ii) the New York Office of the Attorney General shall file its response, if any, on or before **October 13, 2025**.
>
> SO ORDERED.  Dated September 22, 2025.
>
> HON. MARGARET M. GARNETT
> UNITED STATES DISTRICT JUDGE